## Commonwealth v. Ramun Billiard Company.

*Billiard and pool-rooms—Act of May 25, 1907, not repealed by Act of June 7, 1911.*

The Act of May 25, 1907, P. L. 244, which imposes a license tax on keepers of billiard or pool-rooms, is not repealed by the Act of June 7, 1911, P. L. 668, which restrains and regulates the use of billiard and pool-tables kept and maintained for the use of the general public. The purpose of the earlier act is to collect revenue; that of the later, to protect the community by regulating the business; and, hence, they can stand together.

Motion for disposition of question of law raised by affidavit of defence. C. P. No. 5, Phila. Co., Dec. T., 1922, No. 652.

*Breitinger & Millar,* for plaintiff; *C. S. Wesley,* for defendant.

MARTIN, P. J., Aug. 14, 1923.—A statement of claim was filed, averring that defendant is the proprietor of a billiard or pool-room in the City of Philadelphia, where he keeps nine billiard-tables for the purpose of profit; that the Board of Mercantile Appraisers, in accordance with the Act of May 25, 1907, P. L. 244, distributed to defendant an application to be signed by him, making a return for the year 1922; that he failed to make a return and the appraisers assessed the tax at $101.63, to which was added the penalty of 50 per cent., and that defendant refused to pay the tax or appeal from the assessment.

An affidavit in lieu of a demurrer was filed, alleging that the Act of May 25, 1907, P. L. 244, providing for revenue by imposing a license tax on the keepers of billiard or pool-rooms, was repealed by the Act of June 7, 1911, P. L. 668, which restrains and regulates the use of billiard and pool-tables kept and maintained for the use of the general public.

A comparison of these acts indicates one to be a tax law and the other a police regulation.

The Act of 1907 imposes a tax, provides for its collection, and defines the duties of the appraisers and county treasurer. It prohibits keeping a billiard or pool-room for profit without first taking out a license from the treasurer of the proper county, and fixes the amount of yearly tax to be collected. The mercantile appraiser in each county is required to ascertain and assess each keeper of billiard and pool-rooms in the manner provided by law for the assessment of mercantile license taxes, his assessment to be final and conclusive, unless appealed to the mercantile appraisers, with a further right of appeal to the Court of Common Pleas.

3 D. & C.

Commonwealth *v.* Ramun Billiard Company.

Unless appealed within the time stipulated, the assessment is final and conclusive in any civil suit for the recovery of the license fees. Fifty per cent. is authorized to be added as penalty in case of suit. It is made the duty of the county treasurer "to collect the amount due for said taxes in the same manner as mercantile licenses are by law collected. The county treasurer shall, at the expiration of each month, forward the amount of license taxes received by him, including such penalties as aforesaid, to the State Treasurer." The scope and purpose of the act is to obtain revenue.

The Act of 1911 was passed "to restrain and regulate the use of billiard-tables and pool-tables kept and maintained for the use of the general public, for hire or reward, in cities of the first class." It provides for granting licenses, and declares it illegal to keep a place for the use of the general public where billiard or pool-tables are kept for hire, except where a license has been previously obtained; that licenses may be granted for one year by the Department of Public Safety, and only to citizens of the United States of temperate habits, after presentation of a petition filed with the Director of Public Safety, which must be advertised three weeks and contain the specific information required by the act. The applicant is to pay the director "$10 for expenses connected therewith." "The signature of fifteen reputable citizens of the immediate vicinity where said premises are situated," stating they do not object, but favor the granting of the license for the premises mentioned, is to accompany the petition, and a certificate signed by the superintendent of police, certifying that the applicant has never been convicted of a criminal offence. Citizens living in the immediate vicinity of the place where the business is to be conducted may file a remonstrance with the Director of Public Safety against the application; and the director is authorized to refuse the license whenever, in his opinion, having due regard to the number and character of the petitions, both for and against the granting of the license, it will be detrimental to the immediate neighborhood, or the applicant is not a fit person to whom the privilege should be granted. All persons licensed are required to pay $25 for the first table and $15 for every other table mentioned in the petition. The license fee is for the use of the city. Every three months a return is to be made by the superintendent of police to the Department of Public Safety, describing the location of the premises and number of tables used. Power of revocation is vested in the director, but with a right of appeal by the petitioner to the Court of Quarter Sessions. The presence of minors under eighteen years of age upon the premises is prohibited, and subjects the offender to the penalty of forfeiting the license.

All inconsistent acts are declared to be repealed, except the Act of June 1, 1881, P. L. 35, prohibiting playing for drinks. It is claimed on behalf of defendant that the Act of 1911 completely controls the method of licensing billiard and pool establishments, provides a uniform system of regulation and taxation for cities of the first class, and, therefore, repeals, as to this city, the Act of 1907.

The argument presented in support of defendant's claim is that if both acts are in force, the proprietors of billiard and pool-rooms will be subjected to double taxation; and that "the intent to impose double taxation will not be presumed, the presumption is against the existence of such an intention, and this presumption will prevail until overcome by express words showing an intent to impose double taxation."

This claim of defendant is answered by the argument presented on behalf of plaintiff—that the tax imposed by the Act of 1907 is a revenue measure; the fee is exacted solely for revenue purposes, and payment of the tax gave

the right to carry on the business without the performance of any further conditions until the fees required to be paid for a license under the Act of 1911, were imposed for the purpose of regulation. This legislation is the exercise of the police power, and as such is not controlled by the constitutional requirement that taxes must be uniform, nor is it affected by the ruling in relation to double taxation.

There is no such manifest repugnance or inconsistentcy between the statutes as to indicate an intention of the legislature to repeal the earlier act. The presumption is against an implied repeal.

The purpose of the Act of 1907 is to collect revenue. The Act of 1911 is to protect the community by regulating the business. The acts can stand together and the earlier act is not repealed by the later one.

The affidavit of defence raising questions of law is held not sufficient, and the defendant is granted leave to file a supplemental affidavit of defence to the averments of facts of the statement within fifteen days.